OPINION OF THE COURT
Debra J. Kiedaisch, J.
The adoptive mother (hereinafter mother) filed on behalf of her child, L., a family offense petition alleging that respondent, L.’s biological or birth mother, has committed family offenses against L. for which an order of protection is sought on behalf of L. (Matter of Bibeau v Ackey, 56 AD3d 971 [2008]). It is not disputed that petitioner is the adoptive mother of L. and that respondent is L.’s birth mother. Respondent’s surrender of parental rights to L. and L.’s brother, A., was approved in this court by order dated April 20, 2001.[1] The petition alleges, among other things, that respondent approached L. at the Orange County Fair and asked L. for a hug. It is alleged that when L. told respondent she is not allowed to have contact with respondent by virtue of her mother’s wishes, respondent continued to talk to L. and informed L. that respondent has been “stalking [L.] for years,” taking photographs of L. outside of L.’s home, sitting outside L.’s church in a van with tinted windows, and watching L. The petition states L. is afraid for her safety and wants respondent to leave her alone. The petition, which is a form petition promulgated for Family Court by the New York *756 State Office of Court Administration, lists in paragraph three categories of Penal Law offenses, i.e., harassment, stalking, assault, etc., the violation of which may constitute a family offense pursuant to Family Court Act § 812 (1). The petitioner checked off the box before the word “harassment.” No check was placed in the box before the word “stalking” or any other category of family offense.
The case was called for trial on December 5, 2008. As opening testimony was to commence in petitioner’s case respondent’s attorney stated respondent wished to bring a motion to dismiss the case for failure to state a cause of action. The court ruled it would not, as trial was about to commence, adjourn the case but that respondent could file a written motion for dismissal. The motion now comes at the close of petitioner’s case after petitioner has rested having placed her case upon the record through the sole testimony of L., who was questioned and cross-examined by counsel for L. and respondent. The trial is scheduled to resume on a date fixed by the court. The motion papers which, primarily, address the sufficiency of the pleadings, also state that the motion is based, in part, upon the trial testimony of L. Thus, the motion by respondent seeking dismissal of the petition, having been submitted during trial at the time petitioner finished presenting her case-in-chief, shall be treated as a motion to dismiss after the close of petitioner’s case (CPLR 4401). CPLR 4401 and case law provide that a motion made during trial after the close of the evidence presented by petitioner may be brought upon the ground that the respondent is entitled to judgment of dismissal as a matter of law. To withstand such motion petitioner must demonstrate she has made out a prima facie case (CPLR 4401; McCummings v New York City Tr. Auth., 81 NY2d 923 [1993]). In deciding whether petitioner has made out a prima facie case a court must be guided by the rule that the evidentiary facts adduced at the trial are to be considered in the aspect most favorable to petitioner and that petitioner is entitled to the benefit of every favorable inference which can reasonably be drawn from those facts (McCummings v New York City Tr. Auth., 81 NY2d 923, 926 [1993], citing Sagorsky v Malyon, 307 NY 584, 586 [1954]; Rhabb v New York City Hous. Auth., 41 NY2d 200 [1976]; Gonzalez v Gonzalez, 262 AD2d 281 [1999]; Pollack v Klein, 39 AD3d 730 [2007]). The evidence must be accepted as true and petitioner given the benefit of every reasonable inference which may be drawn therefrom. The question of credibility is irrele *757 vant, and should not be considered on such motion (Gonzalez v Gonzalez, 262 AD2d 281, 282 [1999], citing Wai Foo Chan v Yuk Sim Chan, 193 AD2d 575 [1993]). The test is whether there is any rational basis on which the trier of the facts could find for petitioner (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]).
During the trial L. testified that she was first approached by A. and then respondent at the Orange County Fair where L. was working on July 25, 2008. L. testified, in effect, that she was surprised and frightened by respondent’s and A.’s sudden appearance at the fair. When respondent and A. gave L. a hug at the fair, L. testified she was scared. L. testified that although her mother at one time permitted contact between L. and respondent, L. is not permitted by her mother to have contact with either respondent or A. L. testified she does not want contact with respondent and, in effect, seeks to follow her mother’s instructions. L. testified respondent said to L. that respondent knew L. was not allowed to talk to respondent. L. testified respondent told L. at the fair that respondent had taken photographs of L. while L. was at home and in church. L. testified she was not aware such photographs had been taken. L. testified respondent stated respondent took the photographs while positioned behind the driver’s seat in a van with tinted windows and that on two occasions respondent had parked down the road from L.’s home and taken photographs of L. L. testified that she felt scared and violated upon being told by respondent of such conduct and that L. wanted it to stop.
One of the grounds upon which respondent seeks dismissal of the proceeding is that the Family Court lacks subject matter jurisdiction to entertain the case. Family Court Act § 812 designates the classes of persons on whose behalf a family offense petition may be brought (Matter of Orellana v Escalante, 228 AD2d 63 [1997]). Those classifications include “parent and child” and “members of the same family or household.” (Family Ct Act § 812 [1].) Respondent contends that she and L. do not fall within either of the foregoing classifications and therefore the Family Court, whose jurisdiction is limited to that conferred by statute or the state constitution, lacks subject matter jurisdiction to entertain this proceeding (Matter of Suffolk County Dept. of Social Servs. v Spinale, 57 AD3d 681 [2008]; Matter of Anstey v Palmatier, 23 AD3d 780 [2005]). In her motion papers respondent contends in support of her argument that she and L. do not fall within a relationship classification for which an *758 order of protection may be entered in that as L. was adopted by petitioner the respondent “currently has no legal relationship to [L.] and has seen her only about two times in the last two to three years, once at the Orange County Fair, and once at Walmart.” Generally, the effect of adoption is to relieve the birth parent of all parental duties toward, and responsibility for, the child upon the child being adopted by another person (Domestic Relations Law § 117 [1] [a]).[2] Therefore, because L. has been adopted by her mother, who has filed this petition on behalf of L., it appears correct that respondent and L. do not fall within the classification of “parent and child” toward each other. However, Family Court Act § 812 (1) (a) also defines persons as being members of the same family who are related by consanguinity, i.e., blood (see Matter of Bibeau v Ackey, 56 AD3d 971 [2008]). The Legislature has not altered the language in the statute to exclude from the class of family members by way of consanguinity birth parents who have had their parental rights to their birth children cut off or terminated by operation of law such as adoption. When presented with a question of statutory interpretation, the primary consideration of the court is to ascertain and give effect to the intention of the Legislature (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006], citing Riley v County of Broome, 95 NY2d 455, 463 [2000]). The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006], citing Majewski v BroadalbinPerth Cent. School Dist., 91 NY2d 577, 583 [1998]). The statutory text of Family Court Act § 812 plainly states without qualification that members of the same family include those persons related by consanguinity. While respondent may cease being legally recognized as L.’s parent, she remains L.’s birth mother and the two are related by consanguinity. Furthermore, even if the effect of the adoption were to result in respondent not being considered as related to L. by consanguinity for purposes of Family Court Act § 812, the Legislature has recently amended Family Court Act § 812 to provide that where persons are not *759 related by consanguinity (or affinity, i.e., through marriage [Matter of Bibeau v Ackey, 56 AD3d 971 (2008)]) but have an “intimate relationship,” they are to be regarded as being members of the same family or household (Family Ct Act § 812 [1] [e]; Matter of K.V. v K.F., 22 Misc 3d 372 [2008]). The statute does not define the term intimate relationship. In determining whether an intimate relationship exists the court may consider factors including, but not limited to, the nature or type of relationship (regardless of whether the relationship is sexual in nature), the frequency of interaction between the persons, and the duration of the relationship (Family Ct Act § 812 [1] [e]). Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an intimate relationship (Family Ct Act § 812 [1] [e]). It appears the term intimate relationship is intended to include such human relationships as are unique or special, subject persons to greater vulnerability and potential abuse because of their nature, and are not merely based on social contacts and friendship. A person can have but two biological parents. There is potentially significant emotional and psychological impact upon a child from a biological parent who seeks to continue a relationship with the child after the child has been adopted into another family. In recognition that a biological relationship may have a special significance which can be beneficial or harmful to an adopted child depending upon the circumstances, legislation has been enacted ranging from permitting some form of contact between the biological parent and child to continue postadoption to altogether terminating the biological parent’s right to have contact with the child to prevent unwanted intrusion by the child’s former biological relatives to promote the stability of the newly adoptive family (see Matter of Jacob, 86 NY2d 651, 663-666 [1995]). In respondent’s motion papers it is stated that respondent has had only minimal contact with L. in the last several years. However, this is not a case where an adopted child has never known or had a relationship with the child’s birth parent. L., who was born in July 1993, was almost seven years old when the surrender of parental rights occurred. Court records indicate L. resided with her biological mother, respondent, when L. was removed and placed in foster care during neglect proceedings. L. testified to having continued contact with respondent until her mother withdrew approval for such continued contact. L. has known respondent, on and off, for all of her life. A rational interpretation *760 of the evidence permits finding a nexus between the biological relationship between respondent and L. and the subsequent curtailing by the petitioner mother of respondent’s contact with L. resulting in the conduct respondent is alleged to have committed toward L. Under the particular circumstances presented by this case and for purposes of this motion, a prima facie case has been established that L., the biological child of respondent with whom she had a past relationship, falls within the class of such persons entitled under Family Court Act § 812 to protection from the alleged abuse of such relationship by respondent if grounded upon violation of the predicate Penal Law statutes.
Thus, for all of the foregoing reasons set forth this court has subject matter jurisdiction to entertain this family offense proceeding.
The motion papers state dismissal is also sought on the grounds that a cognizable claim has not been made under article 8 of the Family Court Act. Respondent argues that the petition alleges respondent committed harassment in the second degree against L. (Penal Law § 240.26.) In her motion papers respondent alleges the petition fails to allege harassment in that there is no allegation respondent subjected L. to any physical contact, no allegation respondent followed L. around in a public place— only that respondent told L. she “stalked” her by waiting outside L.’s home or church to take L.’s picture — and no allegation respondent engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed L. (Penal Law § 240.26 [1], [2], [3].) Respondent contends it is not alleged L. was aware of such “stalking” when it is alleged to have occurred. Respondent contends the statements respondent made to L. at the fair, in and of themselves, do not present a clear and present danger and are not actionable as a violation of the Penal Law (People v Dietze, 75 NY2d 47 [1989]; Matter of Harris v Harris, 5 Misc 3d 1008 [2004]; Hayes v Hayes, 131 Misc 2d 317 [1986]). Respondent further contends that her taking photographs of her birth daughter served a legitimate purpose under the harassment statute (see Penal Law § 240.26 [3]). Respondent also contends the petition fails to allege a claim based on a violation of the stalking statutes under the Penal Law as the box for stalking was not checked on the petition. As to this last contention, a fair reading of the petition demonstrates that the petition alleges as a basis for finding respondent committed a family offense against L. that respondent had been stalking L., in addition to also alleging harassment. The fact that the box *761 before the word “stalking” was not checked is not controlling as the entire petition must be read to determine what was fairly and plainly intended and pleaded (Condon v Associated Hosp. Serv., 287 NY 411 [1942]). The petition affords respondent adequate notice to defend and prepare for trial with respect to the acts complained of — that respondent has allegedly been surreptitiously stalking L. by taking photographs of L. outside of L.’s home and church from a van with tinted windows which has placed L. in fear for her safety. At trial, respondent has been able to cross-examine L. with respect to the foregoing allegations. There has been no demonstration of prejudice to respondent.
The relevant sections of the Penal Law statute for harassment provide that a person is guilty of harassment in the second degree when with intent to harass, annoy or alarm another person he or she engages in a course of conduct which alarms or seriously annoys such other person and which serves no legitimate purpose (Penal Law § 240.26 [3]). The relevant portions of the Penal Law statute for stalking provide that a person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person and knows or reasonably knows that such conduct is likely to cause reasonable fear of material harm to the safety of such person (Penal Law § 120.45 [1]). The conduct pleaded in the petition and testified to by L. at the trial establishes a prima facie case in accordance with the aforementioned elements of the foregoing Penal Law statutes. As noted, L. testified that respondent described and stated to her at the Orange County Fair that respondent on several occasions had surreptitiously followed and photographed L. from inside a tinted-window van and that “scared” L. Taking L.’s testimony as true, as is required on this motion to dismiss for failure to prove a prima facie case, respondent’s statement may be taken as an admission proving that such conduct occurred. In this regard, respondent contends, citing CPL 60.50, that this family offense proceeding is quasi-criminal in nature and that in criminal cases a person may not be convicted solely upon evidence of a confession or admission of proof without some additional proof that the person committed the offense. However, the proceeding before the court is a civil proceeding (Family Ct Act § 812 [2] [b]). It is not governed by the procedures and evidentiary standards that govern a criminal proceeding which may result in conviction for a violation of the Penal Law (Matter of Eileen W. *762 v Mario A., 169 Misc 2d 484 [1996]). For example, the evidentiary standard for a fact-finding against respondent in this civil family offense proceeding is a preponderance of the evidence rather than beyond a reasonable doubt, which governs criminal proceedings (Family Ct Act § 832; People v Kearns, 56 AD3d 1047 [2008]). Respondent is not subject in this proceeding to being convicted of any offense under the Penal Law. CPL 60.50 is, therefore, inapplicable.
It does not matter that at the time such conduct occurred L. was unaware she was being followed and photographed. The statutes, Penal Law §§ 240.26 (harassment in the second degree) and 120.45 (stalking in the fourth degree), do not require that the person know of such conduct and become alarmed by it at the time the proscribed conduct occurs. The fact that a person engaged in surreptitiously following or intentionally intersecting with a person on various occasions is so proficient at doing so that the target of such activity only later becomes aware of it is not excluded from the reach of the statutes. It is not stated as an element of the statutes that the target be aware of the conduct at the time of its occurrence so as to cause fear, alarm or serious annoyance at that moment. It is the fact of the occurrence of such conduct, and the effect of fear, alarm, or serious annoyance it has upon the target upon learning of the conduct, which falls within the coverage of the statute. L. testified, in effect, that the conduct of respondent has placed her in fear for her safety. The facts communicated to L. by respondent of how the photographs were obtained present a scenario which a reasonably objective person would likely find fearful. A rational view of the evidence supports that respondent should reasonably know such conduct is likely to cause reasonable fear of safety to L. The method by which the photographs of L. were obtained by respondent renders the objective or purpose of wanting photographs of L. as not serving a legitimate purpose. Respondent contends that taking photographs of her biological daughter is a legitimate desire. However, one could argue that a stalker who follows a person around motivated by his or her “love” for the target is merely acting in a romantic manner. An improper method may so imbue what would otherwise be a legitimate purpose so as to render the entire exercise as not having any legitimate purpose. The facts communicated to L. by respondent of how the photographs were obtained present a scenario which a reasonably objective person would likely find alarming, seriously annoying, and as not having a legitimate *763 purpose. Respondent, in effect, would have the court, as trier of the facts, place a benign or innocent construction upon respondent’s conduct, that is, that it was not intended to cause fear, alarm, or serious annoyance to L., and is not a violation of the Penal Law. However, this is a motion to dismiss at the close of the petitioner’s case. The court is not necessarily required to adopt respondent’s view of the evidence. The standard is whether by any rational process the evidence could be construed as demonstrating a prima facie case (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]). In this case, L. has rebuffed respondent’s attempts at continued contact and, in effect, has sided with her mother. It is not irrational to construe respondent’s actions in following L. about, surprising her at the fair, and then telling L. that she has been followed and photographed from a tinted-window van as intended to notify L. that she is never out of respondent’s reach or control. The court, therefore, does not for purposes of this motion to dismiss at the close of petitioner’s evidence adopt respondent’s view of the evidence as showing only a benign and harmless intent on the part of respondent.
Accordingly, respondent’s motion to dismiss the proceeding is denied.

. This court takes judicial notice of its records (Casson v Casson, 107 AD2d 342, 344 [1985]; Weinberg v Hillbrae Bldrs., 58 AD2d 546 [1977]).

. Except in cases where the person adopting the child is the child’s stepparent in which case the parent consenting is not relieved of parental duties toward the child (Domestic Relations Law § 117 [1] [d]). Also agreements for contact and visitation by the birth parent, approved by the court which grants the adoption, may survive the adoption (Domestic Relations Law § 112-b; Social Services Law § 383-c; Matter of Jacob, 86 NY2d 651, 664 [1995]; Matter of Rebecca O., 46 AD3d 687 [2007]).