In the Matter of SUSAN SEYE, Appellant, v KATOYA C. LAMAR, Respondent. [900 NYS2d 112]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (O'Connor, J.), dated April 13, 2009, which, without a hearing, dismissed the petition, with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

On or about September 8, 2008, the petitioner commenced the instant proceeding pursuant to Family Court Act article 8 seeking, inter alia, an order of protection against the respondent. In her petition, the petitioner alleged that she and the respondent, who do not reside together, "have an intimate relationship" by virtue of the fact that the respondent is the sister of the petitioner's boyfriend and the aunt of the petitioner's daughter.

After various court appearances, but without a hearing, the Family Court determined that the petitioner and the respondent do not have an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e), and dismissed the petition on the ground that the parties are not members of the same family or household within the meaning of Family Court Act § 812 (1). The petitioner appeals, and we affirm.

The Family Court is a court of limited jurisdiction and, thus,

it "cannot exercise powers beyond those granted to it by statute" (*Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *see* NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, or *between parent and child or between members of the same family or household*" (emphasis added).

Here, it is undisputed that the parties are not spouses, former spouses, or parent and child. Thus, the Family Court would have jurisdiction over the instant proceeding only if the petitioner and the respondent are "members of the same family or household" (Family Ct Act § 812 [1]). In that regard, until July 21, 2008, for purposes of Family Court Act article 8, "members of the same family or household" meant:

"(a) persons related by consanguinity or affinity;

"(b) persons legally married to one another;

"(c) persons formerly married to one another; and

"(d) persons who have a child in common regardless of whether such persons have been married or have lived together at any time" (Family Ct Act former § 812 [1] [L 1994, ch 222]).

It is undisputed that the petitioner and the respondent do not fall within any of the foregoing categories and, thus, would not have been "members of the same family or household" under the statute as it existed prior to July 21, 2008. Although the respondent is related to the petitioner's child by consanguinity, the petitioner is not seeking the order of protection on behalf of her child, who was in foster care at the time of the incident giving rise to the family offense petition.

However, on July 21, 2008, the Legislature expanded the definition of "members of the same family or household" to include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an *intimate relationship* regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e] [emphasis added]). The Legislature expressly excluded, from the definition of "intimate relationship," a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812 [1] [e]). Beyond those exclusions, the Legislature left it to the courts to determine on a case-by-case basis what qualifies as an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e), suggesting factors which the court may consider, including "the nature or type of relationship, regardless of whether the relationship is sexual in

nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]).

Although in some instances the determination as to whether persons are or have been in an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) may require a hearing, here, the Family Court possessed sufficient relevant information to allow it to make an informed determination as to whether the parties are or have been in an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see generally Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009], *lv denied* 67 NY3d 800 [2010]). The parties have no direct relationship and are only connected by virtue of the fact that the petitioner and the respondent's brother, who are not and never were married, have a child together. Here, the petitioner and the respondent have never lived together, and the petitioner and the respondent's brother are no longer living together. The interactions between the petitioner and the respondent over the approximately five years that they have known each other have been infrequent at most.

Under such circumstances, the Family Court providently exercised its discretion in determining, without a hearing, that the petitioner and the respondent are not, and never were, in an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see Matter of Mark W. v Damion W.*, 25 Misc 3d 1148 [2009]; *see also* Sponsor's Mem, Bill Jacket, L 2008, ch 326; Social Services Law § 459-a [2]; 18 NYCRR 452.2 [g] [2] [vi]; *cf. Matter of Jessica D. v Jeremy H.*, 24 Misc 3d 664 [2009]; *Matter of Maria B. v Ndoc S.*, 2009 NY Misc LEXIS 2636 [Sup Ct, NY County 2009]; *Matter of K.J. v K.K.*, 23 Misc 3d 754 [2009]; *Matter of K.V. v K.F.*, 22 Misc 3d 372 [2008]). Accordingly, the Family Court properly dismissed the petition on the ground that the parties are not "members of the same family or household" within the meaning of Family Court Act § 812 (1). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.