*642 In a family offense proceeding pursuant to Family Court Act article 8, John C. Rhinehart appeals from an order of protection of the Family Court, Dutchess County (Sammareo, J.), entered May 7, 2009, which, after a fact-finding hearing, and, in effect, upon a finding that he committed the family offense of aggravated harassment in the second degree, directed him, inter alia, to refrain from communication or any other contact with the petitioner, Frances K. Willis, up to and including May 7, 2010.
Ordered that the order of protection is affirmed, without costs or disbursements.
Although the order of protection expired by its own terms on May 7, 2010, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense (see Matter of Wallace v Wallace, 45 AD3d 599 [2007]; Matter of Hogan v Hogan, 271 AD2d 533 [2000]).
The Family Court is a court of limited subject matter jurisdiction, and “cannot exercise powers beyond those granted to it by statute” (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]). The Family Court’s jurisdiction in family offense proceedings is limited to certain enumerated acts that occur “between spouses or former spouses, or between parent and child or between members of the same family or household” (Family Ct Act § 812 [1]; see Matter of Seye v Lamar, 72 AD3d 975, 976 [2010]).
Effective July 21, 2008 (see L 2008, ch 326, § 16), the Legislature expanded the definition of “members of the same family or household” to include, among others, “persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time” (Family Ct Act § 812 [1] [e]; see Matter of Seye v Lamar, 72 AD3d at 976). Beyond excluding from the definition of “intimate relationship” a “casual acquaintance” and “ordinary fraternization between two individuals in business or social contexts” (Family Ct Act § 812 [1] [e]), the Legislature left it to the courts to determine on a case-by-case basis what qualifies as an “intimate relationship” within the meaning of Family Court Act § 812 (1) (e), suggesting factors which the court may consider (see Matter of Seye v Lamar, 72 AD3d at 976-977). Those factors include “the nature or type of relationship, regardless of whether the relationship is *643 sexual in nature; the frequency of interaction between the persons; and the duration of the relationship” (Family Ct Act § 812 [1] [e]).
Here, the Family Court properly determined, among other things, that the petitioner and the appellant were “persons . . . who . . . have been in an intimate relationship” (Family Ct Act § 812 [1] [e]). Accordingly, the Family Court properly determined that it had subject matter jurisdiction to entertain the petition.
The appellant contends that in order for the Family Court to entertain a family offense proceeding between “persons . . . who . . . have been in an intimate relationship” (Family Ct Act § 812 [1] [e]), that relationship must have ended at a time relatively recent to the filing of the petition. However, the appellant’s contention is without merit. Neither the plain language of the amendment to Family Court Act § 812, nor the amendment’s legislative history, supports the appellant’s contention. We note that the Legislature, which, in 1984 (see L 1984, ch 948, § 7), amended Family Court Act § 812 to permit the Family Court to entertain family offense proceedings between “persons formerly married to one another” without indicating that the recency of the dissolution of the marriage was a relevant consideration (Family Ct Act § 812 [1] [c]), could have indicated, but did not indicate, that the recency of the termination of the “intimate relationship” is a relevant consideration (cf Conn Gen Stat § 46b-15 [a] [providing that certain persons, including those who are “in, or [have] recently been in, a dating relationship,” may seek orders of protection against each other]).
The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record (see Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]). Here, the fair preponderance of the evidence adduced at the fact-finding hearing supported the Family Court’s finding that the appellant committed the family offense of aggravated harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.30 [1] M).
The appellant’s remaining contentions are either without merit or not properly before this Court. Covello, J.E, Angiolillo, Leventhal and Sgroi, JJ., concur.