■ In the Matter of DEBORAH S. SCHNEIDER, Appellant, v JEFFREY HARLAN ARATA, Respondent. [915 NYS2d 875]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Burke III, Ct. Atty. Ref.), dated September 9, 2009, as dismissed the petition.

Ordered that the order is reversed insofar as appealed from,

on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

Family offense proceedings, in general, provide for remedies that are civil in nature (*see* Family Ct Act § 846-a), and to establish that an offense has occurred does not require proof beyond a reasonable doubt unless the remedy to be imposed is punitive (*see Matter of Rubackin v Rubackin*, 62 AD3d 11, 13 [2009]). Here, the respondent's acquittal of the criminal charge related to the same conduct alleged in the family offense petition does not have res judicata effect with respect to the family offense proceeding, as the acquittal did not decide an identical issue material to the petition (*see Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 263 [2010]; *G. Rama Constr. Enters., Inc. v 80-82 Guernsey St. Assoc., LLC*, 43 AD3d 863, 865 [2007]). Accordingly, the Family Court erred in dismissing the petition on this basis. Likewise, the constitutional protection against double jeopardy presents no bar to the family offense proceeding, as no punitive remedy is sought therein (*see Matter of Gowrie v Squires*, 71 AD3d 1023, 1024-1025 [2010]; *Matter of Alfeo v Alfeo*, 306 AD2d 471, 471-472 [2003]).

At this stage, the record is insufficient to permit us to determine whether the parties have an intimate relationship within the meaning of Family Court Act § 812 (1) (e) (*cf. Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 89-90 [2010]; *Matter of Willis v Rhinehart*, 76 AD3d 641, 643 [2010]; *Matter of Seye v Lamar*, 72 AD3d 975, 976-977 [2010]). Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812 (1) (e) (*see Matter of Seye v Lamar*, 72 AD3d at 977) and, if so, whether a family offense has been committed. Prudenti, P.J., Angiolillo, Florio and Sgroi, JJ., concur.