■ In the Matter of JEYSEL RIEDEL, Appellant, v MILAGROS CARRANZA VASQUEZ, Respondent. [930 NYS2d 238]—

On August 10, 2010, the petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking, inter alia, an order of protection against Milagros Carranza Vasquez (hereinafter the respondent), who is the estranged wife of the petitioner's live-in boyfriend. The petitioner has two children with the subject boyfriend, and the respondent has one child with him. The petitioner alleged that she and the respondent, who do not reside together, have an "intimate relationship" within the meaning of Family Court Act § 812 (1). The Family Court, without a hearing, dismissed the petition on the ground of lack of subject matter jurisdiction, and the petitioner appeals.

The Family Court is a court of limited subject matter jurisdiction, and "cannot exercise powers beyond those granted to it by statute" (*Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]). Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1]; *see Matter of Seye v Lamar*, 72 AD3d 975, 976 [2010]). "[M]embers of the same family or household" include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (L 2008, ch 326, § 7; *see* Family Ct Act § 812 [1] [e]; *Matter of Seye v Lamar*, 72 AD3d at 976). Expressly excluded from the ambit of "intimate relationship," are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812 [1] [e]). Beyond those delineated exclusions, what qualifies as an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) is determined on a case-by-case basis (*see Matter of Seye v Lamar*, 72 AD3d at 976). Relevant factors include "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]; *see Matter of Willis v Rhinehart*, 76 AD3d 641, 642-643 [2010]; *Matter of Seye v Lamar*, 72 AD3d at 976-977).

Here, the parties have no direct relationship and are only

connected through a third party, who is the biological father of the parties' respective children. Additionally, the parties have never resided together and do not take care of each other's children. It is also undisputed that the respondent's contact with the petitioner and/or her children has been minimal. Given these undisputed facts, no hearing was required, as the Family Court possessed sufficient information to determine that the parties are not and never have been in an "intimate relationship" as defined by Family Court Act § 812 (1) (e) (*see Matter of Seye v Lamar*, 72 AD3d at 977; *cf. Matter of Jeffers v Hicks*, 67 AD3d 800, 801 [2009]). Under these circumstances, the Family Court providently exercised its discretion in declining to conduct a hearing, and properly concluded that the petitioner and the respondent are not, and never were, in an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see Matter of Seye v Lamar*, 72 AD3d at 977; *Matter of Mark W. v Damion W.*, 25 Misc 3d 1148, 1151 [2009]). Consequently, the Family Court properly granted, without a hearing, the respondent's motion to dismiss the petition for lack of subject matter jurisdiction. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.