■ In the Matter of MARTIN L. LEFF, Appellant, v JAMES COLIN RYAN, Respondent. [22 NYS3d 470]—

940

Appeal from an order of the Family Court, Queens County (Marilyn J. Mariber, Ct. Atty. Ref.), dated November 10, 2014. The order, after a hearing, dismissed the petition for lack of subject matter jurisdiction pursuant to Family Court Act § 812.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner alleged that he hired the respondent in November 2013 to perform various "handyman" services for him, and that soon thereafter, the respondent moved into his apartment and provided those services as well as some personal care assistance. In November 2014, after the respondent allegedly threatened the petitioner with a knife, the petitioner brought this family offense petition in Family Court seeking an order of protection. After a brief hearing, the Family Court dismissed the proceeding for lack of subject matter jurisdiction, concluding that there was "lack of a relationship required by Family Court § 812 [1]."

The Family Court is a court of limited jurisdiction and, thus, it "cannot exercise powers beyond those granted to it by statute" (*Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *see* NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household." The definition of "members of the same family or household" includes "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship" (Family Ct Act § 812 [1] [e]). Expressly excluded from the definition of "intimate relationship" are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812 [1] [e]).

Here, the Family Court correctly concluded that the relationship between the parties did not rise the level of an intimate relationship. The petitioner concedes that the respondent is not related to him by consanguinity and that there was no romantic relationship between them. The relationship between the petitioner and the respondent was essentially a business arrangement. Consequently, the Family Court properly dismissed the proceeding for lack of subject matter jurisdiction (*see* Family Ct Act § 812 [1] [e]; *Matter of Seye v Lamar*, 72 AD3d 975 [2010]; *Matter of Rollerson v New*, 28 Misc 3d 663 [Fam Ct, Kings County 2010]; *cf. Matter of Jose M. v Angel V.*, 99 AD3d 243, 246-247 [2012]). Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.