Matter of Royster v Murray (2018 NY Slip Op 00151)





Matter of Royster v Murray


2018 NY Slip Op 00151


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-11100
2017-05148
 (Docket No. O-292-15)

[*1]In the Matter of Jennifer Royster, respondent, 
v
Jeanine Murray, appellant.


Carl D. Birman, White Plains, NY, for appellant.
Andrew W. Szczesniak, White Plains, NY, for respondent.



DECISION & ORDER
Appeals from (1) an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), entered September 26, 2016, and (2) an order of that court entered May 12, 2017. The order of fact-finding and disposition, after a hearing, found that Jeanine Murray committed the family offenses of menacing in the third degree and disorderly conduct, and directed that an order of protection be entered in favor of the petitioner and against Jeanine Murray for a period of six months. The order denied Jeanine Murray's motion to settle the transcript of the fact-finding hearing pursuant to CPLR 5525(c) by striking the testimony of her brother, who is also the petitioner's live-in boyfriend.
ORDERED that the appeal from the order is dismissed as academic, without costs and disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The petitioner is the live-in girlfriend of the appellant's brother. The petitioner and the appellant live in the same building, on different floors. The petitioner filed a family offense petition against the appellant, alleging that she had physically attacked and verbally threatened her. After a fact-finding hearing, the Family Court determined that the petitioner established by a preponderance of the evidence that the appellant had committed the family offenses of menacing in the third degree and disorderly conduct. The court directed that a six-month order of protection be entered in favor of the petitioner against the appellant. The appellant thereafter moved pursuant to CPLR 5525(c) to settle the hearing transcript by striking the testimony of her brother, who testified during the trial in support of his own family offense petition against the appellant. The court denied the appellant's motion.
Initially, although the order of protection directed by the Family Court in connection with the petitioner's family offense petition expired by its own terms, the appeal from so much of the order of fact-finding and disposition as directed that a six-month order of protection be entered against the appellant has not been rendered academic " given the totality of the enduring legal and [*2]reputational consequences of the contested order of protection'" (Matter of Pierre v Dal, 142 AD3d 1021, 1022, quoting Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Sommella v Kimble, 150 AD3d 1018; Matter of Crenshaw v Thorpe-Crenshaw, 146 AD3d 951, 951-952).
The Family Court is a court of limited jurisdiction, and "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). "Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed criminal acts that occur between spouses or former spouses, or between parent and child or between members of the same family or household'" (Matter of Seye v Lamar, 72 AD3d 975, 976 [emphasis omitted], quoting Family Ct Act § 812[1]). "[M]embers of the same family or household" include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][e]; see Matter of Seye v Lamar, 72 AD3d at 976). Expressly excluded from the ambit of "intimate relationship" are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812[1][e]). Beyond those delineated exclusions, what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) is determined on a case-by-case basis (see Matter of Seye v Lamar, 72 AD3d at 976). Relevant factors include "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812[1][e]; see Matter of Riedel v Vasquez, 88 AD3d 725, 726).
Here, the parties have no direct relationship and are only connected through a third party, who is the petitioner's live-in boyfriend and the appellant's brother. Additionally, the parties have never resided together and their contact with one another has been purely by happenstance, as they live in the same building. Accordingly, they do not have an intimate relationship within the meaning of Family Court Act § 812(1)(e).
Since the parties did not have an intimate relationship within the meaning of Family Court Act § 812(1)(e), the Family Court lacked subject matter jurisdiction to entertain the family offense petition and to issue the order of protection (see Matter of Parrella v Freely, 90 AD3d 664, 665).
In light of our determination, the appellant's remaining contention with respect to the order of fact-finding and disposition, and the appeal from the order entered May 12, 2017, have been rendered academic.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court