Matter of Hamrahi v Brock (2019 NY Slip Op 07781)





Matter of Hamrahi v Brock


2019 NY Slip Op 07781


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-12935
 (Docket No. O-08095-18)

[*1]In the Matter of Khanom Roz Hamrahi, appellant,
v
Cynthia J. Brock, respondent.


Arza R. Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated October 16, 2018. The order, without a hearing, granted the application of Cynthia J. Brock to dismiss the petition for lack of subject matter jurisdiction and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812(1)(e), and a new determination thereafter of the application of Cynthia J. Brock to dismiss the petition.
In September 2018, the petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking an order of protection against Cynthia J. Brock. The petitioner alleged, inter alia, that she and Brock were in an intimate relationship in that the petitioner was the paternal great grandmother of Brock's child, and that she and Brock had "lived together in the past." The petitioner further alleged that although her grandson and the child had moved out of her home a month earlier, Brock continued to routinely drop off the child at the petitioner's home after Brock's parental access time with the child, and used these opportunities to threaten, abuse, and annoy the petitioner. The petitioner also alleged that Brock telephoned the child on a daily basis, and verbally harassed the petitioner on the phone. Subsequently, Brock made an application to dismiss the petition for lack of subject matter jurisdiction on the ground that the relationship between her and the petitioner did not qualify as an "intimate relationship" within the meaning of Family Court Act § 812(1)(e). The Family Court granted the application and dismissed the petition.
The Family Court is a court of limited subject matter jurisdiction, and "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812[1]; see Matter of Seye v Lamar, 72 AD3d 975, 976). For purposes of Family Court Act article 8, "members of the same family or household" include, inter alia, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of [*2]whether such persons have lived together at any time" (Family Ct Act § 812[1][e]). Expressly excluded from the ambit of "intimate relationship" are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812[1][e]; see Matter of Leff v Ryan, 134 AD3d 939, 940). Beyond those delineated exclusions, what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) is determined on a case-by-case basis (see Matter of Seye v Lamar, 72 AD3d at 976). Relevant factors include "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812[1][e]; see Matter of Willis v Rhinehart, 76 AD3d 641, 642-643; Matter of Seye v Lamar, 72 AD3d at 976-977).
Here, in light of the parties' conflicting allegations as to whether they had an intimate relationship within the meaning of Family Court Act § 812(1)(e), the Family Court, prior to determining Brock's application to dismiss, should have conducted a hearing on that issue (see Matter of Schneider v Arata, 81 AD3d 652, 653; cf. Matter of Winston v Edwards-Clarke, 127 AD3d 771, 772-773). Accordingly, the matter should be remitted to the Family Court, Nassau County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812(1)(e), and for a new determination thereafter of Brock's application.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court