OPINION OF THE COURT
Conrad D. Singer, J.
The matters before the court are two motions to dismiss two family offense petitions, one filed by petitioner W. and one filed by petitioner F. The subject children of both petitions are B.R.W., born in 1997, and B.W, born in 1999.
Background
Though these are separate family offense petitions, the matters are related. Petitioner W. and petitioner F. currently live together and have one child in common. Petitioner W. is the biological father of the subject children and the respondent in both cases is the biological mother of the subject children. Both family offense petitions complain of the same incident that allegedly took place on August 24, 2008, at the home of the petitioners. It is alleged respondent appeared at the petitioners’ residence, tried to force her way in, was yelling and using abusive language, then grabbed one of the subject children, pulled her out of the house and tried to force her into a car. Mr. W.’s petition also alleges incidents from two years ago that are akin to neglect and abuse allegations, while Ms. F. asserts some generalized complaints in her petition about respondent’s behavior.
The motions to dismiss mirror one another for the most part, in that they each assert that the allegations contained in the petitions fail to spell out family offenses as those terms are *715 defined by Family Court Act § 812 (1) and the Penal Law. The motion to dismiss petitioner F.’s petition also challenges the court’s jurisdiction to hear the matter based upon the fact that the relationship between petitioner and respondent does not fall within the criteria spelled out in Family Court Act § 812 (1) (a) through (e). Clearly, the focus is on paragraph (e), added to section 812 (1) in July of 2008, and whether petitioner and respondent share an “intimate relationship” as that term is defined in the statute.
Intimate Relationship
Family Court Act § 812 (1) (e) states:
“Jurisdiction. The family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree, criminal mischief, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household except that if the respondent would not be criminally responsible by reason of age pursuant to section 30.00 of the penal law, then the family court shall have exclusive jurisdiction over such proceeding. Notwithstanding a complainant’s election to proceed in family court, the criminal court shall not be divested of jurisdiction to hear a family offense proceeding pursuant to this section. For purposes of this article, ‘disorderly conduct’ includes disorderly conduct not in a public place. For purposes of this article, ‘members of the same family or household’ shall mean the following: . . .
“(e) persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time. Factors the court may consider in determining whether a relationship is an ‘intimate relationship’ include but are not limited to: the nature or type of relationship, regard *716 less of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship. Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an ‘intimate relationship.’ ”
Unfortunately, neither the statute nor the legislative history which this court has reviewed sheds much light on how to define the term “intimate relationship.” Webster’s Unabridged Collegiate Dictionary on line defines the word “intimate” as follows:
“la: intrinsic, essential b: belonging to or characterizing one’s deepest nature
“2: marked by very close association, contact, or familiarity . . . “3 a: marked by a warm friendship developing through long association . . . b: suggesting informal warmth or privacy . . .
“4: of a very personal or private nature.”
Herein, petitioner F. and respondent share petitioner W. in common in that both have had children with him and petitioner F. lives with him. Further, petitioner W. has custody of his and respondent’s children and therefore respondent’s children live with, and are cared for, by petitioner F. That petitioner F. is placed in the role similar to that of a stepmother to and lives with respondent’s children suggests a close association, contact or familiarity between the two.
In almost every context in the law, the term “intimate relationship” refers to some sort of sexual or emotional pairing. However, the language of paragraph (e) makes it clear that a sexual relationship, current or past, is not necessary to fall under section 812’s widened umbrella. This, together with the Legislature’s lack of guidance in the definition of “intimate relationship,” except for not requiring a sexual relationship, is interpreted by this court as an invitation for the courts to consider relationships of all kinds when invoking Family Court Act § 812 (1) (e). In doing so, this court finds that petitioner F. and respondent herein share an intimate relationship enough to fall within the jurisdiction of the court for a family offense proceeding. Accordingly, that portion of respondent’s motion to dismiss F.’s petition for lack of jurisdiction is denied.
*717 Motions to Dismiss for Failure to Allege Family Offenses
Family Court Act § 812 (1) defines a family offense as those acts that would constitute
“disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree, criminal mischief, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household.”
Pursuant to Family Court Act § 821 (1) (a), a petition alleging that a family offense has occurred must at least allege that the respondent behaved in way that would constitute one of the delineated acts in Family Court Act § 812.
The caption of each family offense petition herein fails to state the petitions are also brought on behalf of the subject children. However, the allegations contained in the petitions are clearly intended to cover the subject children, and the court therefore accepts that the petitions are, indeed, also brought on behalf of the subject children.
Both petitioners herein allege that on August 24, 2008 respondent appeared at the petitioners’ home, was verbally abusive, demanded to see one of the subject children, grabbed that child and tried to force her into a car. Petitioner F.’s petition also alleges that respondent attempted to “force herself’ into the home.
Each petitioner herein alleges respondent committed the acts of aggravated harassment in the second degree, reckless endangerment, menacing in the second degree and disorderly conduct.
Pursuant to Penal Law § 240.20, a person commits disorderly conduct when
“with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
“1. He engages in fighting or in violent, tumultuous or threatening behavior; or . . .
“3. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or . . .
*718 “7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.”
Family Court Act § 812 (1) adds to this section that, for the purposes of a family offense proceeding, disorderly conduct does not have to occur in a public place.
Herein, viewing the allegations in the light most favorable to the petitioners, as is required in a motion to dismiss (Nonnon v City of New York, 9 NY3d 825, 827 [2007]), the court finds that respondent, on August 24, 2008 at the petitioners’ home, recklessly created a risk of alarm by engaging in tumultuous or threatening behavior when she grabbed a subject child and tried to force her into a car, used abusive language and created a physically offensive condition when she tried to force her way into the petitioners’ home.
As the complained-of conduct in each petition, as related to the events of August 24, 2008, fall within the confines of Penal Law § 240.20, the motions to dismiss each petition must be denied. The remainder of petitioner W.’s petition alleges incidents over two years old and that are more properly the subject of neglect and abuse petitions. The remainder of petitioner F.’s petition contains only general and conclusory allegations that cannot be substantiated. Accordingly, all allegations contained in each petitioner’s petition not related to the events of August 24, 2008 are dismissed.
As part of the motion to dismiss petitioner W’s petition, respondent points out that petitioner W. was not present at the time of the alleged incident on August 24, 2008, and therefore all allegations made in that petition are based upon hearsay. Petitioner W does not deny he was not present at the time the incident occurred. Family Court Act § 821 spells out who may originate proceedings under article 8, and what an article 8 petition must contain. There is no requirement under section 821 for nonhearsay allegations in a family offense petition. That, together with the fact that this petition was also brought on behalf of the subject children, render that argument moot in this case.
Therefore it is ordered that respondent’s motion to dismiss petitioner F.’s petition due to lack of jurisdiction is denied in its entirety and it is further ordered that the respondent’s motion to dismiss petitioner F.’s petition is denied to the extent that petitioner F. may proceed to hearing concerning the events of August 24, 2008; and it is further ordered that respondent’s *719 motion to dismiss petitioner W.’s petition is denied to the extent that petitioner W. may proceed to hearing concerning the events of August 24, 2008; and it is further ordered that a fact-finding hearing shall commence.