■ In the Matter of SIANA WINSTON, Respondent, v KAREN EDWARDS-CLARKE, Appellant. [6 NYS3d 566]—

Appeal from an order of protection of the Family Court, Queens County (Anne-Marie Jolly, J.), dated April 28, 2014. The order of protection, upon an order of that court dated April 28, 2014, as amended May 23, 2014, finding, after a hearing,

that the appellant committed the family offense of disorderly conduct, directed the appellant, inter alia, to stay away from the petitioner and the petitioner's daughter.

Ordered that the order of protection is affirmed, without costs or disbursements.

At a fact-finding hearing on the subject family offense petition, the petitioner described herself as the fiancée of the appellant's ex-husband (hereinafter the ex-husband). The ex-husband is the father of one of the petitioner's children and has custody of the appellant's children. The ex-husband and his children live in the same household as the petitioner and her children.

The petitioner functioned as stepmother to the appellant's children, and helped to arrange for the appellant's visitation with her children. The hearing evidence established that the appellant engaged in a public disturbance regarding the conditions of her visitation with her children outside of the home shared by the petitioner and the ex-husband.

At the hearing, the petitioner acknowledged that she and the appellant did not live together, and that they did not spend time together as a family. However, when the appellant made an application, in effect, to dismiss the proceeding for lack of subject matter jurisdiction, the Family Court concluded that it had jurisdiction over the controversy since the parties "have an ongoing relationship by virtue of the children" and the appellant's children were residing with the petitioner. At the conclusion of the fact-finding hearing, the Family Court found that the appellant had committed the family offense of disorderly conduct.

The Family Court properly concluded that it had subject matter jurisdiction over this proceeding. Family Court Act § 812 (1) gives the Family Court jurisdiction over family offenses committed "between spouses or former spouses, or between parent and child or between members of the same family or household." Persons in the same family are defined as persons related by consanguinity or affinity, persons legally married to one another, persons formerly married to each other even if they no longer live in the same household, and persons with a child in common, "regardless of whether such persons have been married or have lived together at any time" (Family Ct Act § 812 [1] [d]; see Family Ct Act § 812 [1] [a], [b], [c]). The petitioner and the appellant did not live in the same household, were not related by consanguinity or affinity, were never married to each other, and did not have any children in common.

In 2008, the legislature expanded the definition of "members

of the same family or household" as set forth in Family Court Act § 812 (1) to include: "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time. Factors the court may consider in determining whether a relationship is an 'intimate relationship' include but are not limited to: the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship. Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an 'intimate relationship' " (Family Ct Act § 812 [1] [e]). In *Matter of Jose M. v Angel V.* (99 AD3d 243, 249 [2012]), this Court held that a determination as to whether persons are or have been in an intimate relationship within the meaning of Family Court Act § 812 (1) (e) is "a fact-specific determination."

Generally, the "relationship should be direct, not one based upon a connection with a third party," such as a child or a common boyfriend or girlfriend (*Matter of Jose M. v Angel V.*, 99 AD3d at 247). Here, however, an intimate relationship was established by the fact that the petitioner was living with the appellant's children and their father, who had custody of them, and was acting as a stepmother to the appellant's children (*see Matter of R.M.W. v G.M.M.*, 23 Misc 3d 713 [2009]; *see also Matter of Jose M. v Angel V.*, 99 AD3d at 247; *cf. Matter of Riedel v Vasquez*, 88 AD3d 725, 727 [2011]).

Frequency of contact is a significant factor in determining whether there is an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see Matter of Johnson v Carter*, 122 AD3d 853, 854 [2014]; *Matter of Seye v Lamar*, 72 AD3d 975, 977 [2010]), and it appears from this record that there is frequent contact between the appellant and the petitioner in order to arrange for the appellant's visitation with her children. Permitting the petitioner to proceed with this matter in Family Court is consistent with the purpose of a family offense proceeding, which is to end family disruption and obtain protection (*see* Family Ct Act § 812 [2] [b]; *Matter of Jose M. v Angel V.*, 99 AD3d at 247). Accordingly, the Family Court properly concluded that it had subject matter jurisdiction over this proceeding.

The appellant's remaining contentions are without merit (*see* Family Ct Act § 842 [k]; *Matter of Goldring v Sprei*, 121 AD3d 894, 895 [2014]; *Matter of Banks v Opoku*, 109 AD3d 470 [2013]; *Matter of Cassie v Cassie*, 109 AD3d 337, 344 [2013]; *Matter of*

*Wan-Su Li v Feng*, 45 AD3d 775 [2007]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.