## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 22, 2015            519494
_____

In the Matter of NAMI ARITA,
                    Appellant,

            v                                MEMORANDUM AND ORDER

ROBERT GOODMAN,
                    Respondent.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Mann Law Firm PC, Latham (Matthew J. Mann of counsel), for
appellant.

        Eric R. Gee, Delmar, for respondent.

_____

McCarthy, J.P.

        Appeal from an order of the Family Court of Albany County
(Maney, J.), entered July 10, 2014, which dismissed petitioner's
application, in a proceeding pursuant to Family Ct Act article 8,
for an order of protection.

        Petitioner and respondent lived together as roommates in an
apartment from August 2013 until April 2014, at which time
petitioner left the residence — approximately four months prior
to the expiration of the lease — as a result of alleged incidents
of domestic violence perpetrated upon her by respondent.
Petitioner then commenced the instant proceeding pursuant to
Family Ct Act article 8, alleging that respondent had committed
various family offenses, seeking an order of protection and
requesting an order pursuant to Real Property Law § 227-c
relieving her of her rent obligations under the lease.  Upon

learning that petitioner identified as a heterosexual female and that respondent identified as a homosexual male, Family Court granted respondent's oral motion to dismiss the petition upon its finding that the parties did not have an intimate relationship within the meaning of Family Ct Act § 812 (1) (e). The court thereafter entered an order dismissing the petition on the aforementioned basis and upon the additional conclusion that petitioner had failed to allege any family offense. Petitioner now appeals.

Initially, petitioner's pleadings unambiguously allege that respondent committed family offenses. Petitioner alleges that respondent had destroyed items of her property, thrown items at her, shoved her and threatened to, among other things, "kick [her] ass." Such factual allegations were sufficient to allege, at a minimum, the family offenses of menacing in the third degree (see Family Ct Act § 812 [1]; Penal Law § 120.15), criminal mischief in the fourth degree (see Family Ct Act § 812 [1]; Penal Law § 145.00 [1]) and harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1]).

Further, we agree with petitioner that her implicit acknowledgment that she had not had a sexual relationship with respondent did not justify Family Court ruling, as a matter of law, that the two did not have an intimate relationship within the meaning of Family Ct Act § 812 (1) (e). Initially, "the governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v Brown, 25 NY3d 247, 250 [2015] [internal quotation marks, citations and brackets omitted]). Turning to the relevant provision, Family Court's subject matter jurisdiction includes family offense petitions involving people who are or were previously engaged in an "intimate relationship" (Family Ct Act § 812 [1] [e]). Factors relevant to determining the existence of an intimate relationship "include but are not limited to: the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]; see

Matter of Samantha I. v Luis J., 122 AD3d 1090, 1091 [2014]).

Considering these enumerated factors, the Legislature unambiguously established that the phrase "intimate relationship" is not limited to relationships that include sexual intimacy (Family Ct Act § 812 [1] [e]; see generally Matter of R.M.W. v G.M.M., 23 Misc 3d 713, 716 [Fam Ct, Nassau County 2009] [noting that the Legislature provided little guidance as to the meaning of intimate relationship except insofar as it specifically described that such a relationship did not require sexual intimacy]). Accordingly, Family Court's determination that the lack of a previous sexual relationship with an alleged offender was dispositive in establishing a lack of subject matter jurisdiction is inconsistent with the plain meaning of Family Ct Act § 812 (1) (e). Further, given Family Court's summary ruling, the record is not sufficiently developed to permit us to determine whether the parties have an intimate relationship within the meaning of Family Court Act § 812 (1) (e); the mere fact that the parties cohabited is insufficient to establish the requisite intimate relationship given the multifactoral inquiry prescribed by the Legislature, and petitioner was not permitted to develop a record at a hearing.[1] Therefore, we remit the matter to Family Court for a hearing regarding subject matter jurisdiction in which that court shall consider, among other factors, those that the Legislature enumerated as relevant to the determination of whether the parties had an intimate relationship (see Matter of Schneider v Arata, 81 AD3d 652, 653 [2011]; see e.g. Matter of Rollerson v New, 28 Misc 3d 663, 665-666 [Fam Ct,

---

[1] We have previously noted that legislative history offers some guidance regarding how a court should consider the role of cohabitation in the assessment of intimate relationships. "[T]he legislative history of the amendment adding subdivision (1) (e) [to Family Ct Act § 812] indicates that the [L]egislature intended to extend the statute's reach to . . . 'unrelated persons who are continually or at regular intervals living in the same household or who have in the past continually or at regular intervals lived in the same household'" (Matter of Jessica D. v Jeremy H., 77 AD3d 87, 89 [2010], quoting Letter from Assembly Sponsor, Bill Jacket, L 2008, ch 326, at 9).

Kings County 2010]).

Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court