Appeal from an order of protection of the Family Court, Queens County (Dennis Lebwohl, J.), dated July 31, 2015. The order of protection, after a hearing, and upon a finding that the appellant committed the family offense of harassment in the second degree, directed him to refrain from committing certain offenses against the petitioner.
 

 Ordered that the order of protection is affirmed, without costs or disbursements.
 

 The petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking an order of protection against the appellant, who is the father of the petitioner’s three-year-old grandson, alleging that the appellant had aggressively entered the petitioner’s home and pushed him. At the close of the petitioner’s evidence at a hearing on the petition, the appellant moved to dismiss the petition for lack of subject matter jurisdiction, arguing that the petitioner had failed to establish that the parties had an “intimate relationship” pursuant to Family Court Act § 812 (1) (e). The Family Court denied the motion. At the close of his evidence, the appellant renewed his motion, and the court once again denied the motion. The court then found that the appellant had committed the family offense of harassment in the second degree, and issued an order of protection directing him to refrain from committing certain offenses against the petitioner.
 

 Pursuant to Family Court Act § 812, the Family Court has concurrent jurisdiction with the criminal courts over proceedings concerning certain criminal acts occurring “between spouses or former spouses, or between parent and child or between members of the same family or household” (Family Ct Act § 812 [1]). The statute “offers victims of domestic violence a kinder and gentler way of stopping violence that does not involve the harshness and stigma of criminal sanctions [and] provides practical help in a civil proceeding to the victim by requiring a lower burden of proof to be met than is necessary to obtain similar protections in a criminal proceeding”
 
 (Matter of Mark W. v Damion
 
 W., 25 Misc 3d 1148, 1149 [2009] [internal quotation marks and citations omitted];
 
 see
 
 Family Ct Act § 812 [2] [b], [c]). Insofar as relevant here, “members of the same
 
 *855
 
 family or household” includes “persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time” (Family Ct Act § 812 [1] [e]). Expressly excluded from the definition of “intimate relationship” are a “casual acquaintance” and “ordinary fraternization between two individuals in business or social contexts” (Family Ct Act § 812 [1] [e]). Beyond those exclusions, the legislature left it to the courts to determine on a case-by-case basis what qualifies as an intimate relationship within the meaning of Family Court Act § 812 (1) (e), based upon consideration of factors such as “the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship” (Family Ct Act § 812 [1] [e]).
 

 Contrary to the appellant’s contention, the Family Court properly determined that the petitioner and the appellant were in an intimate relationship (see Family Ct Act § 812 [1] [e];
 
 Matter of Winston v Edwards-Clarke,
 
 127 AD3d 771, 773 [2015];
 
 Matter of Willis v Rhinehart,
 
 76 AD3d 641, 642-643 [2010];
 
 cf. Matter of Cambre v Kirton,
 
 130 AD3d 926, 927 [2015]). Accordingly, the Family Court properly determined that it had subject matter jurisdiction to entertain the petition.
 

 Further, contrary to the appellant’s contention, a fair preponderance of the credible evidence supports the Family Court’s finding that he committed the family offense of harassment in the second degree, warranting the issuance of an order of protection against him
 
 (see
 
 Family Ct Act § 832; Penal Law § 240.26 [1];
 
 Matter of Henderson v Henderson,
 
 137 AD3d 911, 912 [2016];
 
 Matter of Niyazova v Shimunov,
 
 134 AD3d 1122, 1123 [2015];
 
 cf. Matter of Charalambous v Zohios,
 
 125 AD3d 963, 963 [2015]).
 

 Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.