■ In the Matter of DEONANDAN SINGH, Appellant, v VINCENT DIFRANCISCO, Respondent. [35 NYS3d 269]—

Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated July 20, 2015. The order granted, without a hearing, the motion of Vincent DiFrancisco, in effect, to dismiss the family offense petition on the ground of lack of subject matter jurisdiction, and dismissed the petition with prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812 (1) (e), a new determination thereafter of the motion of Vincent DiFrancisco, in effect, to dismiss the petition, and further proceedings thereafter, if warranted.

In February 2015, the appellant commenced this proceeding pursuant to Family Court Act article 8 seeking an order of protection against the respondent, who is the father of the appellant's then 2½-year-old grandson. The appellant alleged, inter alia, that he resided with the child and his daughter, the mother of the child, in the second floor apartment of the same building where the respondent resided on the first floor, and that on several dates in December 2014, the respondent pushed him, impeded his access to his home, and threatened him. In June 2015, the respondent moved, in effect, to dismiss the petition for lack of subject matter jurisdiction on the ground that the relationship between himself and the appellant did not qualify as an "intimate relationship" within the meaning of

Family Court Act § 812 (1) (e). The Family Court granted the motion and dismissed the petition with prejudice.

The Family Court's jurisdiction in family offense proceedings is limited to certain enumerated criminal acts that occur between spouses or former spouses, between parent and child, or, as is relevant here, "between members of the same family or household" (Family Ct Act § 812 [1]). Effective July 21, 2008, the New York Legislature expanded the term "members of the same family or household" to include "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e]). Although the statute expressly excludes a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" from the definition of "intimate relationship" (Family Ct Act § 812 [1] [e]), "the legislature left it to the courts to determine on a case-by-case basis what qualifies as an intimate relationship within the meaning of Family Court Act § 812 (1) (e), based upon consideration of factors such as 'the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship' " (*Matter of Gentile v Torres*, 139 AD3d 854, 855 [2016], quoting Family Ct Act § 812 [1] [e]; *see Matter of Jose M. v Angel V.*, 99 AD3d 243, 247 [2012]). "[T]he determination as to whether persons are or have been in an 'intimate relationship' within the meaning of Family Court Act § 812 (1) (e) is a fact-specific determination which may require a hearing" (*Matter of Jose M. v Angel V.*, 99 AD3d at 249 [2012]).

Here, in light of the parties' conflicting allegations as to whether they had an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e), the Family Court, prior to determining the respondent's motion, in effect, to dismiss, should have conducted a hearing on that issue (*see Matter of Schneider v Arata*, 81 AD3d 652, 653 [2011]; *cf. Matter of Gentile v Torres*, 139 AD3d at 854-855; *Matter of Leff v Ryan*, 134 AD3d 939, 940 [2015]; *Matter of Winston v Edwards-Clarke*, 127 AD3d 771, 772 [2015]). Accordingly, the matter must be remitted to the Family Court, Queens County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812 (1) (e), for a new determination thereafter of the respondent's motion, and further proceedings thereafter, if warranted. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.