■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER RABSATT, Appellant. [43 NYS3d 898]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Laura Ward, J., at plea; Larry Stephen, J., at sentencing), rendered October 23, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.

■ In the Matter of GUSTAVO D., Appellant, v MICHAEL D., Respondent. [43 NYS3d 905]—

Order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about January 9, 2015, which dismissed, without prejudice, the petition for an order of protection against respondent for lack of jurisdiction, unanimously reversed, on the law, without costs, the petition reinstated, and the matter remanded for the court to advise petitioner of his right to counsel, and for a new hearing consistent with this decision.

Family Court committed reversible error when, during a brief hearing in this article 8 proceeding, it failed to advise the pro se petitioner that he had a right to the assistance of counsel of his own choosing, a right to an adjournment to confer with counsel, and a right to have counsel assigned if he was financially unable to obtain representation (Family Ct Act § 262 [a] [ii]; *see Matter of Ford v Tindal*, 24 AD3d 664, 665 [2d Dept 2005]; *see also Matter of Mora v Alatriste*, 99 AD3d 540, 541 [1st Dept 2012]). Moreover, Family Court did not possess sufficient relevant information to allow it to make an informed determination as to whether the parties are or have been in an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see Matter of Seye v Lamar*, 72 AD3d 975, 977 [2d Dept 2010]). Further evidence is needed regarding the frequency of petitioner and respondent's interactions (*Matter of Winston v Edwards-Clarke*, 127 AD3d 771, 773 [2d Dept 2015]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.