Matter of Raigosa v Zafirakopoulos (2018 NY Slip Op 08485)





Matter of Raigosa v Zafirakopoulos


2018 NY Slip Op 08485


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-02071
 (Docket No. O-500-18)

[*1]In the Matter of Margoth Raigosa, appellant, 
v
Stelios Zafirakopoulos, respondent.


Jorge Vasquez's New York Litigators, Inc., Elmhurst, NY (Jorge A. Vasquez of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Lauren Norton Lerner, Ct. Atty. Ref.), dated January 11, 2018. The order, without a hearing, granted the respondent's application to dismiss the petition for lack of subject matter jurisdiction and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812(1)(e), a new determination thereafter of the respondent's application to dismiss the petition, and further proceedings thereafter, if warranted.
On January 8, 2018, the petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking, inter alia, an order of protection against the respondent. The petitioner alleged that the petitioner and the respondent "have an intimate relationship," as they were living together as roommates. At a subsequent court appearance, the respondent made an application to dismiss the petition for lack of subject matter jurisdiction, contending that the parties did not have an intimate relationship within the meaning of Family Court Act § 812(1)(e). The Family Court, without a hearing, found that the parties did not have an intimate relationship because their relationship was not sexual in nature and granted the respondent's application. The petitioner appeals.
The Family Court is a court of limited subject matter jurisdiction and "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (see Matter of Winston v Edwards-Clarke, 127 AD3d 771, 772; Matter of Seye v Lamar, 72 AD3d 975, 976).
Effective July 21, 2008 (see L 2008, ch 326, § 16), the Legislature expanded the definition of "members of the same family or household" to include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][e]; see Matter of Winston v Edwards-Clarke, 127 AD3d at 772; Matter of Seye v Lamar, 72 AD3d at 976). [*2]The Legislature also expressly excluded from the definition of "intimate relationship" a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812[1][e]). Beyond those delineated exclusions, the Legislature left it to the courts to determine on a case-by-case basis whether a particular relationship constitutes an "intimate relationship" within the meaning of Family Court Act § 812(1)(e). The Legislature provided that "[f]actors the court may consider in determining whether a relationship is an intimate relationship' include but are not limited to: the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812[1][e]; see Matter of Gentile v Torres, 139 AD3d 854, 855). The determination of whether persons are or have been in an "intimate relationship" within the meaning of the statute may require a hearing (see Matter of Singh v DiFrancisco, 141 AD3d 598, 599; Matter of Jose M. v Angel V., 99 AD3d 243, 249).
Here, the Family Court's determination that the absence of sexual intimacy between the parties by itself conclusively established that there was no "intimate relationship" within the meaning of Family Court Act § 812(1)(e) was improper (see Matter of Arita v Goodman, 132 AD3d 1108, 1110). Consequently, we remit the matter to the Family Court, Queens County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812(1)(e), for a new determination thereafter of the respondent's application, and further proceedings thereafter, if warranted.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court