Matter of Rizzo v Pravato (2019 NY Slip Op 01776)





Matter of Rizzo v Pravato


2019 NY Slip Op 01776


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04263
 (Docket No. O-6966-17)

[*1]Justina M. Vega Rizzo, appellant, 
v
Antoinette M. Pravato, respondent.


Nazar Khan, Brooklyn, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated March 13, 2018. The order, without a hearing, dismissed the petition for lack of subject matter jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812(1)(e), and further proceedings thereafter, if warranted.
On or about March 16, 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking, inter alia, an order of protection against the respondent. The petitioner's mother was married to the respondent's brother. The respondent was the sister of the petitioner's stepfather. The Family Court, without conducting a hearing, dismissed the petition on the ground of lack of subject matter jurisdiction, and the petitioner appeals.
The Family Court is a court of limited jurisdiction and, thus, it "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366; see NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household."
Here, it is undisputed that the parties are not spouses, former spouses, or parent and child. Thus, the Family Court would have jurisdiction over the instant proceeding only if the petitioner and the respondent are "members of the same family or household" (Family Ct Act § 812[1]). For purposes of Family Court Act article 8, "members of the same family or household" is defined as, inter alia, "persons related by consanguinity or affinity," or "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][a], [e]). It is undisputed that the parties were not related by consanguinity, and, contrary to the petitioner's contention, the parties were not related by affinity (see generally Matter of Anita C. v Johana S., 48 [*2]Misc 3d 619, 622; cf. Matter of Arnold v Arnold, 119 AD3d 938, 939).
The Family Court should not have determined, without a hearing, that the parties were not and had never been in an intimate relationship. Although Family Court Act § 812(1)(e) expressly excludes a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" from the definition of "intimate relationship," "the legislature left it to the courts to determine on a case-by-case basis what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) based upon consideration of factors such as the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship'" (Matter of Gentile v Torres, 139 AD3d 854, 855, quoting Family Ct Act § 812[1][e]; see Matter of Jose M. v Angel V., 99 AD3d 243, 247). "[T]he determination as to whether persons are or have been in an intimate relationship' within the meaning of Family Court Act § 812(1)(e) is a fact-specific determination which may require a hearing" (Matter of Jose M. v Angel V., 99 AD3d at 249).
Here, in light of the parties' conflicting allegations as to whether they had an "intimate relationship" within the meaning of Family Court Act § 812(1)(e), the Family Court, prior to determining whether it had subject matter jurisdiction, should have conducted a hearing on that issue (see Matter of Gustavo D. v Michael D., 146 AD3d 530; Matter of Singh v DiFrancisco, 141 AD3d 598, 598; see also Matter of Raigosa v Zafirakopoulos, ___ AD3d ___, 2018 NY Slip Op 08485 [2d Dept 2018]; Matter of Schneider v Arata, 81 AD3d 652, 653). Accordingly, we remit the matter to the Family Court, Kings County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812(1)(e), and further proceedings thereafter, if warranted.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court