Matter of Christina R. v James Q. (2020 NY Slip Op 03957)





Matter of Christina R. v James Q.


2020 NY Slip Op 03957


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

527819

[*1]In the Matter of Christina R., Appellant,
v
James Q., Respondent. 

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Shaw & Murphy, PLLC, Ithaca (Natanya DeWeese of counsel), for appellant.



Aarons, J.
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered September 17, 2018, which, in a proceeding pursuant to Family Ct Act article 8, granted respondent's motion to dismiss petition.
Petitioner is the mother of a child (born in 2008). In June 2018, petitioner commenced this family offense proceeding against respondent, who is the child's paternal uncle, alleging that respondent committed the family offenses of harassment in the second degree, disorderly conduct, criminal mischief and stalking in the fourth degree. These allegations stemmed from a February 2018 telephone call wherein respondent threatened to use his authority as a police officer to "personally" come to petitioner's home and arrest her. Respondent moved to dismiss on the ground that petitioner failed to establish an intimate relationship under Family Ct Act § 812 (1) (e) and that petitioner did not allege facts constituting the relevant family offenses. Family Court granted respondent's motion, finding that an intimate relationship did not exist. Petitioner appeals.
Family Court has jurisdiction over any proceeding concerning family offenses arising from incidents between members of the same family or household (see Family Ct Act § 812 [1]). Members of the same family or household include "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e]). The statute does not define intimate relationship but it does "exclude[] . . . casual acquaintance[s] and ordinary social or business associations and is otherwise decided on a case-by-case basis" (Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1275 [2018] [internal quotation marks and citations omitted]). In determining whether an intimate relationship exists, the court considers, among other things, "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]). Additionally, "the relationship should be direct [and] not one based upon a connection with a third party" (Matter of Jose M. v Angel V., 99 AD3d 243, 247 [2012]; see Matter of Winston v Edwards-Clarke, 127 AD3d 771, 773 [2015]; Matter of Johnson v Carter, 122 AD3d 853, 854 [2014]).
Here, the parties have no direct relationship and are only connected by the child. The parties do not live together. Although petitioner alleges that she has known respondent for eight years, their interaction was limited to family events during her one-year marriage to respondent's brother. Accordingly, Family Court properly concluded that the parties did not have an intimate relationship within the meaning of Family Ct Act § 812 (1) (e) (see Matter of Royster v Murray, 157 AD3d 701, 703 [2018]; Matter of Cambre v Kirton, 130 AD3d 926, 927 [2015]; Matter of Seye v Lamar, 72 AD3d 975, 977 [2010]).
Garry, P.J., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.