Matter of Charter v Allen (2022 NY Slip Op 04167)

Matter of Charter v Allen

2022 NY Slip Op 04167

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-03902
 (Docket No. O-29462-18)

[*1]In the Matter of Patricia Charter, appellant,
v
McClarence Allen, respondent.

Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Charles Lawson, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated May 17, 2021. The order, after a hearing, granted the application of McClarence Allen to dismiss the petition for lack of subject matter jurisdiction and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the application to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County for further proceedings consistent herewith.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against her sister's partner (hereinafter the respondent). After a hearing, the Family Court granted the respondent's application to dismiss the petition for lack of subject matter jurisdiction and dismissed the petition. The petitioner appeals. We reverse.
"[The] Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526; see NY Const, art VI, § 13; Family Ct Act § 115; Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). "[A] court's lack of subject matter jurisdiction is not waivable, but 'may be [raised] at any stage of the action, and the court may, ex mero motu [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action'" (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718, quoting Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324).
As relevant here, "[t]he family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute [certain enumerated crimes] . . . between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812[1]). "For purposes of [Family Court Act article 8], 'members of the same family or household' shall mean . . . persons related by consanguinity or affinity" (id. § 812[1][a]), and "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at [*2]any time" (id. § 812[1][e]).
"A relationship of affinity is 'the relation that one spouse has to the blood relatives of the other spouse; relationship by marriage'" (Matter of Arnold v Arnold, 119 AD3d 938, 939, quoting Black's Law Dictionary 70 [10th ed 2014]). For example, "while . . . spouses remain married, a stepchild is related by affinity to a stepparent, and the Family Court has jurisdiction over a family offense petition brought by a stepchild against a stepparent" (Matter of Arnold v Arnold, 119 AD3d at 939; see Matter of Jose M. v Angel V., 99 AD3d 243, 248; Matter of Dulanto v Dulanto, 276 AD2d 694, 695; Matter of Nadeau v Sullivan, 204 AD2d 913, 914).
"[T]he determination as to whether persons are or have been in an 'intimate relationship' within the meaning of Family Court Act § 812(1)(e) is a fact-specific determination which may require a hearing" (Matter of Jose M. v Angel V., 99 AD3d at 249; see Matter of Rizzo v Pravato, 170 AD3d 860, 861-862). Although Family Court Act § 812(1)(e) expressly excludes a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" from the definition of "intimate relationship," "the legislature left it to the courts to determine on a case-by-case basis what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) based upon consideration of factors such as 'the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship'" (Matter of Gentile v Torres, 139 AD3d 854, 855, quoting Family Ct Act § 812[1][e]; see Matter of Rizzo v Pravato, 170 AD3d at 861).
Here, the record demonstrated that the petitioner knew the respondent for more than 20 years, and the respondent and the petitioner's sister held themselves out as husband and wife. During that period of time, the petitioner and the respondent engaged in general social activities at each other's homes, attended holiday and birthday celebrations together, and traveled together. The petitioner's sister and the respondent had a daughter together who identified the petitioner as her aunt. The petitioner resided in one of the units of a three-family home. The petitioner's sister, the respondent, and their daughter, who was approximately 18 years old at the time of the hearing, resided in one of the other units of that three-family home. The home was owned by the mother of the petitioner and the petitioner's sister. Under the circumstances, the Family Court should have denied the respondent's application to dismiss the petition for lack of subject matter jurisdiction (see Family Ct Act § 812[1]). Accordingly, the petition must be reinstated, and the matter remitted to the Family Court, Kings County, for further proceedings on the petition.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court