Matter of Eno v Illovsky (2023 NY Slip Op 01506)

Matter of Eno v Illovsky

2023 NY Slip Op 01506

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-04525
 (Docket No. O-2179-22)

[*1]In the Matter of Stacey Eno, appellant,
v
Jennifer Illovsky, respondent.

Stacey Eno, East Northport, NY, appellant pro se.
Jennifer Illovsky, East Northport, NY, respondent pro se.

DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Alfred C. Graf, J.), dated May 10, 2022. The order, upon an order of the same court granting the respondent's motion pursuant to CPLR 3211(a)(2) to dismiss the petition, inter alia, in effect, dismissed the petition.
ORDERED that the order dated May 10, 2022, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the respondent's motion pursuant to CPLR 3211(a)(2) to dismiss the petition is denied, the order granting that motion is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings on the petition.
The petitioner was married to Lawrence Eno, who was the brother of the respondent. In December 2020, Lawrence Eno died. In February 2022, the petitioner commenced this family offense proceeding, alleging that beginning in 2019 and continuing through 2022, the respondent had engaged in conduct constituting family offenses, including, among other things, stalking and harassment in the first and second degrees.
The respondent moved pursuant to CPLR 3211(a)(2) to dismiss the petition for lack of subject matter jurisdiction. The Supreme Court issued an order granting the motion, and thereupon, in an order dated May 10, 2022, inter alia, in effect, dismissed the petition. The petitioner appeals.
"Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366). As relevant here, "[t]he family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute [certain enumerated crimes] . . . between . . . members of the same family or household" (Family Ct Act § 812[1]). For purposes of Family Court Act article 8, "members of the same family or household" is defined to include "persons related by consanguinity or affinity," and "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (id. § 812 [1][a], [e]).
"A relationship of affinity is the relation that one spouse has to the blood relatives of the other spouse; relationship by marriage" (Matter of Charter v Allen, 206 AD3d 994, 995 [internal quotation marks omitted]). Here, the Family Court correctly determined that, after Lawrence Eno's death, the petitioner and the respondent no longer had a relationship of affinity pursuant to Family Court Act § 812(1)(a) (see Matter of Dulanto v Dulanto, 276 AD2d 694; cf. Matter of Arnold v Arnold, 119 AD3d 938, 939).
However, contrary to the Family Court's conclusion, the petitioner demonstrated that the parties had been in an "intimate relationship" within the meaning of Family Court Act § 812(1)(e), so as to confer subject matter jurisdiction upon the court. Beyond expressly excluding from the definition of "intimate relationship" a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" (id.), "the Legislature left it to the courts to determine, on a case-by-case basis, what qualifies as an 'intimate relationship' within the meaning of Family Court Act § 812(1)(e)" (Matter of Jose M. v Angel V., 99 AD3d 243, 247; see Matter of Charter v Allen, 206 AD3d at 996). Factors to consider include "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812[1][e]).
Here, the petitioner demonstrated that the parties had known each other for more than 30 years, that they had a close relationship as sisters-in-law for most of this period, during which they lived within one mile of one another, frequently had dinner together, engaged in social activities in each other's homes, attended most holiday celebrations together, supported each other during times of devastating family illnesses, and assisted each other with their respective children (see Matter of Charter v Allen, 206 AD3d at 996). Contrary to the respondent's contention, in order for the Family Court to entertain a family offense proceeding between "persons . . . who . . . have been in an intimate relationship" (Family Ct Act § 812[1][e] [emphasis added])," that relationship need not "have ended at a time relatively recent to the filing of the petition" (Matter of Willis v Rhinehart, 76 AD3d 641, 643). Thus, the length of time before the filing of the petition during which the petitioner refrained from having contact with the respondent as a result of events giving rise to the commencement of this proceeding did not deprive the court of subject matter jurisdiction under Family Court Act § 812(1)(e) (see Matter of Willis v Rhinehart, 76 AD3d at 643).
Accordingly, we reverse the order appealed from, deny the respondent's motion pursuant to CPLR 3211(a)(2) to dismiss the petition, vacate the order granting that motion, reinstate the petition, and remit the matter to the Family Court, Suffolk County, for further proceedings on the petition.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court