Matter of Atreyu L.B. v Chyann R. (2024 NY Slip Op 00260)

Matter of Atreyu L.B. v Chyann R.

2024 NY Slip Op 00260

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Docket No. O-23721-22/23A, O-23722-22/23A, O-23721-22, O-23722-22 Appeal No. 1490-1490A-1490B Case No. 2023-02120, 2023-02121, 2023-02122 

[*1]In the Matter of Atreyu L.B. etc., Petitioner-Appellant,
v
Chyann R., Respondent-Respondent, Dominique C., Respondent. 

Larry S. Bachner, New York, for appellant.
Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for respondent.

Order, Family Court, Bronx County (M. Liberty Aldrich, J.), entered on or about March 28, 2023, which dismissed petitioner father's family offense petition against respondent mother Chyann R., unanimously affirmed, without costs. Order, same court and Judge, entered on or about April 28, 2023, which, insofar as appealed from as limited by the briefs, dismissed the father's violation petition against the mother, unanimously affirmed, without costs. Order, same court and Judge, also entered on or about April 28, 2023, which dismissed the father's family offense and violation petitions against respondent Dominique C., unanimously affirmed, without costs.
The application by the father's assigned counsel to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1st Dept 1976]). A review of the record demonstrates that there are no nonfrivolous issues that could be raised on this appeal. Family Court properly determined that it lacked subject matter jurisdiction over Dominique C. because he did not function as a stepparent to the mother and father's child and thus there was no relationship with the child sufficient to create jurisdiction under Family Court Act § 812(1)(a) (see Matter of Winston v Edwards Clarke, 127 AD3d 771, 772-773 [2d Dept 2015]). Family Court also properly determined that it did not have jurisdiction to entertain the father's family offense and violation petitions against the mother, as Maryland had exclusive, continuing jurisdiction over the custody and parental access determinations and the father provided no basis for New York to exercise emergency jurisdiction under Domestic Relations Law § 76-c . 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024