Matter of De Phillips v Perez (2025 NY Slip Op 02588)

Matter of De Phillips v Perez

2025 NY Slip Op 02588

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-11132
 (Docket Nos. O-4270-21, O-4270-21/23A)

[*1]In the Matter of Pamela De Phillips, etc., appellant,
v
Nicole Pascone Perez, respondent.

Diana Kelly, Jamaica, NY, for appellant.
Deana Balahtsis, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Sharon N. Clarke, J.), dated October 17, 2023. The order, without a hearing, dismissed the family offense petition and the violation petition for lack of subject matter jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the family offense petition and the violation petition are reinstated, and the matter is remitted to the Family Court, Kings County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812(1)(e) and further proceedings thereafter, if warranted.
The petitioner and her former husband have a child in common. In May 2021, the petitioner filed a family offense petition on behalf of the child, against the respondent, the paramour of the former husband. On October 7, 2022, a temporary order of protection was issued, inter alia, in favor of the child, and the petitioner subsequently filed another petition on behalf of the child, alleging that the respondent violated the temporary order of protection. The Family Court, without conducting a hearing, dismissed the family offense petition and the violation petition on the ground of lack of subject matter jurisdiction. The petitioner appeals.
The "Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (Matter of Eno v Illovsky, 214 AD3d 865, 866 [internal quotation marks omitted]; see Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333). "Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed acts that occur between spouses or former spouses, or between parent and child or between members of the same family or household" (Matter of Watson v Brown, 225 AD3d 613, 614 [internal quotation marks omitted]; see Matter of Raigosa v Zafirakopoulos, 167 AD3d 748, 748). "'[M]embers of the same family or household' include, among others, 'persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time'" (Matter of Woldeselassie v Colon, 227 AD3d 725, 726, quoting Family Ct Act § 812[1][e]; see Matter of Watson v Brown, 225 [*2]AD3d at 614).
"Beyond expressly excluding from the definition of 'intimate relationship' a 'casual acquaintance' and 'ordinary fraternization between two individuals in business or social contexts'" (Matter of Eno v Illovsky, 214 AD3d at 867, quoting Family Ct Act § 812[1][e]), "the [L]egislature left it to the courts to determine, on a case-by-case basis, what qualifies as an 'intimate relationship' within the meaning of Family Court Act § 812(1)(e)" (Matter of Jose M. v Angel V., 99 AD3d 243, 247; see Matter of Eno v Illovsky, 214 AD3d at 867; Matter of Rizzo v Pravato, 170 AD3d 860, 861). The factors that a court may consider while making such a determination are "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812[1][e]; see Matter of Silverman v Leibowitz, 208 AD3d at 1333). "[T]he determination as to whether persons are or have been in an 'intimate relationship' within the meaning of Family Court Act § 812(1)(e) is a fact-specific determination which may require a hearing" (Matter of Jose M. v Angel V., 99 AD3d at 249; see Matter of Raigosa v Zafirakopoulos, 167 AD3d at 749).
Here, in light of the parties' conflicting allegations as to whether there was an "intimate relationship" between the child and the respondent within the meaning of Family Court Act § 812(1)(e), the Family Court, prior to determining whether it had subject matter jurisdiction, should have conducted a hearing on that issue (see Matter of Rizzo v Pravato, 170 AD3d at 862; Matter of Gustavo D. v Michael D., 146 AD3d 530; Matter of Singh v DiFrancisco, 141 AD3d 598, 598). Accordingly, we remit the matter to the Family Court, Kings County, for a hearing to determine whether the Family Court has subject matter jurisdiction under Family Court Act § 812(1)(e) and further proceedings thereafter, if warranted.
In light of the foregoing, we need not reach the petitioner's remaining contention.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court