Matter of McCarra v Chiaramonte (2025 NY Slip Op 07352)

Matter of McCarra v Chiaramonte

2025 NY Slip Op 07352

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CV-24-0284
[*1]In the Matter of Peru McCarra, Appellant,
vJohn A. Chiaramonte, Respondent.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Ellen Bennett Becker, Albany, for appellant.
Girvin & Ferlazzo, PC, Albany (Gerard E. Maney of counsel), for respondent.

Corcoran, J.
Appeal from an order of the Family Court of Albany County (Jill Kehn, J.), entered August 1, 2024, which, in a proceeding pursuant to Family Ct Act article 8, granted respondent's motion to dismiss the petition.
In October 2023, petitioner commenced this family offense proceeding by filing a handwritten petition alleging that respondent had committed acts of identity theft against her in 2021-2022. The petition identified respondent as her "uncle." Counsel was appointed to represent petitioner, and the parties appeared with counsel in Family Court for the first time in January 2024. Through counsel, respondent generally denied the petition's allegations and orally moved to dismiss the petition on the grounds that the lack of a relationship between the parties deprived the court of subject matter jurisdiction. Specifically, respondent's counsel cited the lack of consanguinity or affinity between the parties, explaining that respondent's brother is married to petitioner's mother's sister. Petitioner's counsel opposed the oral motion, arguing that the parties had an "intimate relationship" pursuant to Family Ct Act § 812 (1) (e) based upon her claim that she had "grown up with [respondent] as an uncle figure." When Family Court advised that the illegible nature of the handwritten petition prevented it from discerning petitioner's allegations, petitioner's counsel sought time to amend the petition; she conceded the absence of a "direct blood relation" but claimed that the parties attended family events and holidays together until 2021, when petitioner's relationship with her family deteriorated. Family Court granted respondent's oral motion to dismiss the petition from the bench, without a hearing, explaining that even if the parties' relationship was "deemed intimate, the frequency of contact here is not such that it would rise to the level of a familiar relationship to allow for . . . a family offense." Family Court entered an order consistent with its determination. Petitioner appeals.
Family Court's jurisdiction in family offense proceedings, as defined by Family Ct Act § 812 (1), extends to enumerated offenses occurring between members of the same family or household, including those "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e]; accord Matter of Christina R. v James Q., 185 AD3d 1240, 1240 [3d Dept 2020]). While the statute does not define "intimate relationship," it expressly excludes casual acquaintances and ordinary social or business associations (see Matter of Christina R. v James Q., 185 AD3d at 1240). In determining whether an intimate relationship exists, courts consider, among other things, "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family [*2]Ct Act § 812 [1] [e]; accord Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1164 [3d Dept 2017], lv denied 31 NY3d 901 [2018]). Additionally, "the relationship should be direct [and] not one based upon a connection with a third party"(Matter of Jose M. v Angel V., 99 AD3d 243, 247 [2d Dept 2012]; accord Matter of Christina R. v James Q., 185 AD3d at 1241). Whether an intimate relationship exists is a fact-intensive inquiry to be resolved on a case-by-case basis (see Matter of Kristina L. v Elizabeth M., 156 AD3d at 1163-1164; see also Matter of Hamrahi v Brock, 176 AD3d 1208, 1209 [2d Dept 2019]). When the existence of an intimate relationship is in dispute, or the record is insufficient to permit determination as a matter of law, Family Court should conduct a hearing before dismissing the petition for lack of jurisdiction (see Matter of De Phillips v Perez, 237 AD3d 1198, 1200 [2d Dept 2025]; Matter of Minor v Birkenmeyer, 200 AD3d 1044, 1045-1046 [2d Dept 2021]; Matter of Arita v Goodman, 132 AD3d 1108, 1110-1111 [3d Dept 2015]).
Here, Family Court erred in summarily dismissing the petition. It is uncontested that respondent was not petitioner's "uncle," but petitioner disputed that they had "no relationship whatsoever." Contrary to respondent's contention, petitioner's assertions that she had known respondent throughout her life, that he acted as an uncle figure who helped raise her and that she had frequent contact with him until 2021, sufficiently alleged a longstanding and direct association that, if credited, could constitute an "intimate relationship" as defined by the statute (compare Matter of Kristina L. v Elizabeth M., 156 AD3d at 1163). Family Court relied solely upon counsels' oral representations and made its jurisdictional determination without taking testimony, receiving affidavits or permitting amendment of petitioner's handwritten petition to clarify her allegations regarding the nature of the parties' relationship. Additionally, by relying solely on the frequency of the parties' contact, Family Court failed to employ "the multifactorial inquiry prescribed by the Legislature" (Matter of Arita v Goodman, 132 AD3d at 1110). Given the conflicting, unsworn representations of counsel regarding the parties' relationship, Family Court should have conducted a hearing and considered the factors set forth in Family Court Act § 812 (1) (e) before determining respondent's motion (see Matter of De Phillips v Perez, 237 AD3d at 1200; Matter of Christina R. v James Q., 185 AD3d at 1241; Matter of Singh v DiFrancisco, 141 AD3d 598, 599 [2d Dept 2016]). Because the record is not sufficiently developed to permit us to determine whether the parties had an "intimate relationship" (Matter of Arita v Goodman, 132 AD3d at 1110), we remit to Family Court for a hearing regarding subject matter jurisdiction and for further proceedings, if warranted.
Garry, P.J., Aarons, Pritzker and Powers, JJ., concur.
ORDERED that the order is reversed, on [*3]the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.